**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
═══════════════════════════════════════════════════

MELANIE ANN HOLMES,

                              Plaintiff,

v.                                              5:08-CV-00266 (NPM/GHL)

BJ's WHOLESALE CLUB,

                              Defendants.
═══════════════════════════════════════════════════

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF:

MELANIE ANN HOLMES, PRO SE

FOR DEFENDANT:

JACKSON LEWIS LLP                    MATTHEW A. STEINBERG, ESQ.
59 Maiden Lane
New York, New York      10038-4502


**NEAL P. McCURN, Senior U.S. District Court Judge**

**MEMORANDUM - DECISION AND ORDER**

        Pro se plaintiff Melanie Ann Holmes ("plaintiff") brings this action against

BJ's Wholesale Club ("defendant") pursuant to the Age Discrimination in

Employment Act of 1967 ("ADEA"), codified at 29 U.S.C. §§ 621-634(b), as

amended, for alleged unequal terms and conditions of employment based on age.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1391.

Currently before the court is defendant's motion to dismiss (Doc. No. 11) pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  For the reasons set forth below, defendant's motion will be granted.

I.    **FACTS**

In filing her complaint before this court, plaintiff utilizes the standard complaint form (FORM E(1)(c).1) for an action pursuant to the ADEA.  Plaintiff complains that during her employment with the defendant, she was subjected to unequal terms and conditions of employment.  Plaintiff states her date of birth as May 27, 1963, and states that her age at the time of the alleged discriminatory act was 43.  Plaintiff asserts that she filed a Notice of Intent with the Equal Employment Opportunity Commission ("EEOC") on or about October 17, 2007.  Plaintiff received a "right to sue" letter from the EEOC dated December 11, 2007.

The crux of plaintiff's complaint as set forth in the "facts surrounding [plaintiff's] claim of discrimination" portion of the form is that two younger employees were treated differently than plaintiff.  Plaintiff states that as a prerequisite to work in the jewelry department at BJ's Wholesale Club, on November 29, 2006 she completed an online Jewelry Training Program Assessment ("JTPA"), which became part of plaintiff's personnel file.  Doc. No. 1

2

at p. 4.  During the month of December in 2006, defendant allowed two younger females to work in the jewelry department, neither of whom completed a JTPA. Plaintiff alleges that she observed inappropriate "Member Service practice" by one of the younger employees in violation of question 19[1] of the JTPA, when the employee "unlocked jewelry cases, removed jewelry without customers present and personally tried different pieces of jewelry on." Plaintiff states that "[m]anagement failed to reprimand or take any kind of action with these employees yet scrutinized [plaintiff's] actions on a continual daily basis." Id.

Plaintiff does not assert that she was terminated or that she suffered from any other adverse employment.  However, in her handwritten prayer for relief, plaintiff requests that plaintiff be "rehired by BJ's Wholesale Club as a 30 hour per week part time jewelry department team member at an hourly wage of $14.92. Family medical and dental insurance. Any lost sick time, personal time, or vacation time reinstated. Reinstate seniority. Company matching contribution to 401(k). Compensation for lost wages." Id. at p. 7.  Plaintiff proffers no information to the court surrounding her apparent separation from defendant's employ.

---

[1]    Question 19 of the JTPA is as follows: "A maximum number of ___ item(s) can be shown to a Member at a time."  The correct answer is "1." Doc. No. 1 at p. 10.

## II.    DISCUSSION

Defendant moves to dismiss plaintiff's complaint on the basis that plaintiff fails to state a claim upon which relief can be granted.  Further, defendant argues that plaintiff's complaint to the EEOC asserted claims under the Americans with Disabilities Act ("ADA"), without a single allegation of age discrimination under the ADEA. Doc. NO. 11-2 at p. 1.  Consequently, defendant asserts, plaintiff's ADEA claim is subject to immediate dismissal as a matter of law on the ground that plaintiff "did not timely (or ever) present an age discrimination claim before the EEOC or any other state or local agency, as she was statutorily required to do before commencing the instant federal action." Id. at pp. 1-2.

### A.    Rule 12(b)(6) Motion to Dismiss

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the court must accept as true the well pleaded allegations of the complaint. Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807 (1994).  In addition, the allegations of the complaint should be construed favorably to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct 1683 (1973).  "[W]hen a complaint adequately states a

4

claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1969 n.8 (May 21, 2007).  To meet the standard of adequacy, the complaint should contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.  "In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, as well as 'documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit.'" Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (quoting Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000)).

        "Dismissal is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted pro se." Cruz v. Gomez, 202 F3d 593, 597 (2d Cir. 2000) (internal quotations and citations omitted).  However, although courts must construe pro se submissions liberally, courts cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations. Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).

5

B.     Age Discrimination in Employment Act of 1967

Plaintiff argues that she was a victim of age discrimination during her

employment with the defendant.  To prove a claim of age discrimination under the

ADEA, certain requirements must be met.

> A prima facie case of age discrimination requires that
> plaintiffs demonstrate membership in a protected class,
> qualification for their position, an adverse employment
> action, and circumstances that support an inference of
> age discrimination.  A plaintiff sustains an adverse
> employment action if he or she endures a "materially
> adverse change" in the terms and conditions of
> employment. To be "materially adverse[,]" a change in
> working conditions must be "more disruptive than a
> mere inconvenience or an alteration of job
> responsibilities."  A change that is "materially adverse"
> could consist of, inter alia, "a demotion evidenced by a
> decrease in wage or salary, a less distinguished title, a
> material loss of benefits, significantly diminished
> material responsibilities, or other indices ... unique to a
> particular situation."

 Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 238 (2d Cir. 2007)
(internal quotation marks and citations omitted).

However, "plaintiffs need not plead a prima facie case and may withstand a

motion to dismiss by meeting a lesser standard.  Plaintiffs need only comply with

Rule 8(a)(2) by providing a short and plain statement of the claim that shows that

plaintiffs are entitled to relief and that gives the defendants fair notice of plaintiffs'

claims of age discrimination and the grounds upon which those claims rest." Id.

In the case at bar, defendant asserts that plaintiff made no assertions of age discrimination in her complaint to the EEOC, and therefore failed to exhaust her administrative remedies as required under the ADEA.  Although plaintiff checked the box  for "The Americans with Disabilities Act" ("ADA") on EEOC Form 131, the box for "The Age Discrimination in Employment Act"("ADEA") was not checked by plaintiff.   Liberally construing plaintiff's complaint before this court, as is required for a pro se plaintiff, the court finds that plaintiff could have erred in filling out the EEOC form and not realized that she could bring a charge of employment discrimination pursuant to more than one federal statute.   In reaching this determination, the court notes that plaintiff clearly states in her response to the motion to dismiss (Doc. No. 18) that on October 1, 2008, plaintiff asked EEOC to "reconsider and reinvestigate the charges of disability discrimination and age discrimination ...."  Neither party has provided this court with a copy of the original charge filed with the EEOC setting forth the specifics of plaintiff's complaint to that body.  Accordingly, the court cannot dismiss this action as a matter of law simply because the parties have not provided this court with evidence that no age discrimination facts were alleged to the EEOC.

Defendant also argues that plaintiff fails to state a claim for age discrimination upon which relief can be granted. The court concurs.  To be sure,

7

plaintiff was over forty years of age  at the time of the alleged incident or incidents of discrimination, and as such, she is a member of the protected class.  In addition, plaintiff needs only to comply with Rule 8(a)(2) by providing a short and plain statement of the claim that shows that she is entitled to relief and that gives the defendant fair notice of plaintiff's claims of age discrimination and the grounds upon which those claims rest.  Here, however, plaintiff alleges no employment action that rises to the level of an adverse employment action.  At best, plaintiff alleges only that her actions were "scrutinized on a continual daily basis." Doc. No. 1 at p. 4.  Despite a prayer for relief that requests that she be reinstated to her job at defendant's jewelry department, plaintiff provides the court with no specifics as to why she no longer works for the defendant.

Accordingly, the court finds that although plaintiff has demonstrated that she is a member of the protected class, and that she was qualified to do the work required for the position due to her satisfactory completion of the JTPA and her subsequent employment in the jewelry department at BJ's Wholesale, plaintiff fails to allege an adverse employment action taken by the defendant, despite having ample time to supply this information after the filing of defendant's motion to dismiss.  Therefore, plaintiff's complaint fails to give the defendant fair notice of plaintiffs' claim of age discrimination and the grounds upon which it rests.  For

this reason, the court finds that plaintiff has failed to state a claim for age

discrimination under the ADEA upon which relief can be granted.

## III.   CONCLUSION

For the reasons set forth supra, the court hereby GRANTS defendant's

motion to dismiss (Doc. No. 11) in its entirety.  The clerk is directed to close this

case.

SO ORDERED.

February 6, 2009

_____
Neal P. McCurn
Senior  U.S. District Judge